

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CLEVIN PITTMAN,**

    Plaintiff,

v.        Civil Action No. **3:19CV336**

**D.M. YORK,** *et al.*,

    Defendants.

### MEMORANDUM OPINION

Clevin Pittman, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983.[1] By Memorandum Order entered on November 15, 2019, the Court directed Pittman to file a particularized complaint. (ECF No. 25.) Pittman failed to file a particularized complaint. By Memorandum Order entered on December 4, 2019, the Court again directed Pittman to file a particularized complaint. (ECF No. 29.) Thereafter, Pittman filed a Motion to Amend (ECF No. 30) and subsequently, a Particularized Complaint (ECF No. 31). The Particularized Complaint is now before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons articulated below, the Court will allow Pittman's Eighth Amendment claim against D.M. York to proceed.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

## I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)), *aff'd,* 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and

2

conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Pittman's Motion to Amend and Particularized Complaint

On December 6, 2019, Pittman filed a Motion to Amend wherein he asks the Court to change his demand for monetary relief to forty million dollars. (ECF No. 30.) Pittman's Motion to Amend (ECF No. 30) will be GRANTED and the relief requested will be reflected as forty million dollars in monetary damages.

In his Particularized Complaint, Pittman names as Defendants D.M. York, an Officer with the Chesapeake Police Department, and the Chesapeake Police Department. (Part. Compl.,

3

ECF No. 31, at 1.) In his Particularized Complaint, Pittman alleges as follows:[2]

> On 2-10-19 a.m. hours, police officers D.M. York and M. Sivels arrested me (Clevin Pittman) for traffic violations. My chest was hurting so I was tak[en] to Chesapeake General Hospital. . . . The two officers, D.M. York and M. Sivels, they put me in a hospital bed and I was handcuffed to both bed rails. As I (Mr. Clevin Pittman) and Officer D.M. York w[ere] talking, I asked him why do[es] he hate black people. Then after that, he started choking me to the point I thought I was going to die. Then he stopped and ran to the room door. I believe he stopped because he heard someone coming in the door and when he went to the door he told one or more nurses that they [were] going to charge me with spitting on them. As I was going up for my bond[], the video was show[n] of the action that was going on in the room. It [did] not show that I spit on anyone, but it clearly show[ed] D.M. York was choking me, Clevin Pittman. And Officer Sivels he just stood there and did nothing to help me. All this was caught on M. Sivels['s] body camera. Its clearly police brutality and he went against his oath of duties to serve and protect as well as cruel and unusual punishment.
>
> The Defendant D.M. York clearly violated my (8th) VIII Amendment rights of the Constitution. Which was cruel and unusual punishment that he, D.M. York, inflicted on me (Clevin Pittman).
>
> The Chesapeake Police Department are truly liable for his action, if it is legal or illegal, they are liable. Officer D.M. York in his apprehension and arrest on me, Clevin Pittman, he violated his code of conduct which is a dereliction of duties to serve and protect and also he committed a[n] act of police brutality and going against his code of honor or oath.
>
> Due to the fact Officer D.M. York of the Chesapeake Police Department did not follow their policy and procedures doing the apprehension of my arrest (Mr. Clevin Pittman).
>
> Because my 8th Amendment was violated, I am request[ing] the Court to award me $40 million dollar[s] in damages. Also to make D.M. York and Chesapeake Police Department liable to me for the damages.

(Part. Compl. 1–3.) The Court construes Pittman to raise the following claims:

> Claim One: Defendant York violated Pittman's Eighth Amendment rights when he used excessive force against Pittman while Pittman was handcuffed to the hospital bed.
>
> Claim Two: Defendant York violated the Chesapeake Police Department's "policy and procedures doing the apprehension of my arrest." (*Id.* at 3.)
>
> Claim Three: Defendant Chesapeake Police Department are liable for Defendant York's actions.

---

[2] The Court corrects the capitalization, punctuation, and spelling and omits the paragraph numbering and emphasis from the Particularized Complaint.

4

## III. Analysis

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While courts should liberally construe pro se complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Fourth Circuit has explained that "[t]hough [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett*, 775 F.2d at 1276. In other words, "[d]istrict judges are not mind readers . . . . [and] they cannot be expected to construct full blown claims from sentence fragments . . . ." *Id.* at 1278.

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted). "Where a complaint alleges no specific

5

act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)).

### A. <u>Chesapeake Police Department (Claim Three)</u>

Although Pittman mentions Defendant Chesapeake Police Department in the body of the Particularized Complaint, at most, he states that "they are truly liable for his action, if it is legal or illegal, they are liable." (Part. Compl. 2.) The Chesapeake Police Department is not a person subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Mayo v. Norfolk Police Dep't*, No. 1:18Cv620 (LMB/IDD), 2018 WL 8949438, at *2 (E.D. Va. June 6, 2018) (citing *West v. Atkins*, 487 U.S. 42, (1988)). Even if the Chesapeake Police Department were amenable to suit, Pittman's vague statement is inadequate to state a claim for relief. Pittman fails to allege plausibly that the Chesapeake Police Department is liable for Defendant York's actions. Accordingly, Claim Three and any other claim against the Chesapeake Police Department will be DISMISSED.

### B. <u>Defendant York (Claims One and Two)</u>

In Claim Two, Pittman alleges that Defendant York violated the Chesapeake Police Department's "policy and procedures doing the apprehension of my arrest." (Part. Compl. 3.) Pittman provides no further factual allegations about this claim, including what policy or procedure Defendant York allegedly violated. This terse and unsupported claim fails to state a claim for relief. Accordingly, Claim Two will be DISMISSED WITHOUT PREJUDICE.

In Claim One, Pittman contends that Defendant York violated Pittman's Eighth Amendment rights when he used excessive force against Pittman while Pittman was handcuffed to the hospital bed. Pittman contends that Defendant York choked Pittman after Pittman

6

allegedly spit on Defendant York. Pittman contests that he spit on anyone. At this juncture, Pittman has adequately alleged an Eighth Amendment claim of excessive force to survive the Court's screening obligations. Accordingly, the Court will continue to process Claim One against Defendant York.

### IV. Conclusion

For the foregoing reasons, the Motion to Amend (ECF No. 30) will be GRANTED. Claim Two will be DISMISSED WITHOUT PREJUDICE. Claim Three will be DISMISSED. Defendant Chesapeake Police Department will be DISMISSED as a party to the action. Only Claim One against Defendant York will remain. The Court will continue to process Claim One against Defendant York.

An appropriate Order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
United States District Judge

Date: JAN 1 6 2020
Richmond, Virginia